IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-11-138-D |
| ) | (Case No. CIV-16-944-D) |
| PEDRO SAHID MUNOZ TRINTIDIA, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant Pedro Sahid Munoz Trintidia's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 316], which was filed August 15, 2016. Defendant seeks relief from a 188-month prison sentence imposed August 23, 2012, and reduced to 151-month term on March 24, 2015. *See* Order Re. Mot. Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. No. 314]. Defendant claims he is entitled to a recalculation of his guideline sentence based on an amendment to the Sentencing Guidelines effective November 1, 2015, because he is now "eligible for the retroactive minor role reduction under U.S.S.G. 3B1.2." *See* Motion, at 2. He relies on a recent decision applying the amendment retroactively in a direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016).

Upon preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court finds that the Motion should be summarily dismissed because it plainly appears from the Motion and the record of prior proceedings that Defendant is not entitled to relief.

**Factual and Procedural Background**

On April 20, 2011, Defendant and seven others were charged in the Indictment [Doc. No. 88] with conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. Defendant reached a plea agreement with the government and pleaded guilty to the Superseding Information [Doc. No. 127] charging him with possession with intent to distribute heroin, in violation of 21 U.S.C. § 841. Among other things, the parties stipulated that Defendant distributed more than three kilograms but less than ten kilograms of a mixture or substance containing a detectable amount of heroin. A presentence investigation report was prepared, and Defendant made several objections, primarily to the calculation of an advisory guideline range of imprisonment under the Sentencing Guidelines. At sentencing, the Court sustained Defendant's objections in part, but overruled his objection to a four-level enhancement under U.S.S.G. § 3B1.1 for being a leader or organizer of a drug trafficking organization involving his codefendants. Under the Court's findings, Defendant had a total offense level of 35 and a criminal history category of II, resulting in a guideline range of imprisonment of 188 to 235 months. On August 23, 2012, the Court imposed a 188-month prison sentence, and the judgment was entered August 28, 2012. Defendant did not appeal.

On February 2, 2015, Defendant moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines effective November 1, 2014. Because the Sentencing Commission determined that Amendment 782 should be given retroactive effect, and the application of the amendment to Defendant's offense resulted in a lower guideline range of imprisonment, Defendant was eligible for a

reduced sentence under § 3582(c)(2). *See United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013) ("Section 3582(c)(2) prescribes a two-step process. First, a district court must determine the prisoner's eligibility for a sentence modification . . . .") (internal quotation omitted). The government did not oppose Defendant's motion. On March 24, 2015, the Court granted the motion and ordered a reduction of Defendant's prison sentence to 151 months, effective November 1, 2015.

**Defendant's Motion**

Defendant now seeks further relief based on a subsequent amendment to the Sentencing Guidelines effective November 1, 2015. Amendment 794 did not alter the subject guideline provision, § 3B1.2, but changed the accompanying commentary regarding circumstances where a downward adjustment of a defendant's offense level may be appropriate due to a mitigating role in the offense. *See United States v. Gomez-Valle*, No. 15-41115, 2016 WL 3615688, *2, *3-4 (5th Cir. July 5, 2016) (to be published) (discussing changes made by the amendment and reasons behind them). Although the Sentencing Commission did not specify that Amendment 794 should have retroactive effect, some courts have determined that it was a clarifying amendment and may be applied retroactively in cases on direct appeal. *Id*. at *5 (surveying cases). The legal authority on which Defendant relies for his motion, *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016), held that Amendment 794 "resolved a circuit split, and was intended as a clarifying amendment . . . [and therefore] applies retroactively to direct appeals."

**Discussion**

Defendant's § 2255 Motion is subject to a one-year statute of limitations. *See* 28 U.S.C. § 2255(f).[1] Because the judgment in Defendant's case became final when the time to appeal expired, Defendant had one year from September 12, 2012, to file a § 2255 motion. Defendant's Motion is therefore untimely under the time limit of § 2255(f)(1). Liberally construing the Motion, Defendant apparently seeks the benefit of a later one-year period provided by § 2255(f)(3) or (4). Defendant "ask[s] this Court to construe this motion as a second in time 2255 motion as the Amendment was not available to [him] before." *See* Motion, at 1.

Under subsection (f)(3), the one-year period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(3). By its terms, this provision does not apply because Defendant does not assert a right newly recognized by the Supreme Court.

Subsection (f)(4) authorizes the running of the limitations period from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence." *See* 28 U.S.C. § 2255(f)(4). "This provision is an example of what are called 'discovery rules' for delaying the accrual of a cause of action." *United States v. Denny*, 694 F.3d 1185, 1189 (10th Cir. 2012). "Section 2255(f)(4) speaks to discovery of facts supporting a claim;" it does not apply where the case involves a failure

---

[1] The Motion is also governed by other procedural requirements, which are not pertinent here.

to appreciate "the legal significance of historical facts." *United States v. Collins*, 364 F. App'x 496, 498 (10th Cir. 2010) (unpublished).[2] Nor does § 2255(f)(4) apply to "newly-discovered law" or an intervening change in the law. *See Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013). In resolving a question as to what facts may trigger § 2255(f)(4), the Supreme Court has determined it is ones that are "subject to proof or disproof." *See Johnson v. United States*, 544 U.S. 295, 307 (2005). In this case, Defendant bases his § 2255 claim on a change in the Sentencing Guidelines, not the discovery of a predicate fact. Therefore, the promulgation of Amendment 794 did not start the running of the one-year limitations period of § 2255(f).

In some cases, a defendant may seek to avoid a time bar through equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland v. Florida*, 670 U.S. 631, 130 S. Ct. 2549, 2562 (2010). Another equitable doctrine, adopted in *McQuiggin v. Perkins*, 569 U.S. –, 133 S. Ct. 1924, 1928 (2013), recognizes a miscarriage of justice exception to the limitations period for cases involving a "gateway" claim of actual innocence. Here, Defendant does not claim an extraordinary circumstance prevented a timely filing or claim actual innocence. To the contrary, he states facts showing his guilt of the drug trafficking offense: He "receive[d] controlled substances from Mexico and would then sell them to his friends." *See* Motion, at 2.

---

[2] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

**Conclusion**

For these reasons, the Court finds that Defendant cannot overcome the one-year time limit of § 2255(f). Therefore, his § 2255 motion is time barred and must be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case, and a COA should be denied.

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 316] is DISMISSED. A separate judgment shall be entered accordingly. Further, a COA is denied, and the denial shall be included in the judgment.

IT IS SO ORDERED this 24th day of August, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE